UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DANIEL S.,<br>　　　　　　　　　　Plaintiff,<br>v.<br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br>　　　　　　　　　　Defendant. | Case No.: 24-cv-1559-DDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 3]** |

　　　On September 3, 2024, Christopher Daniel S. ("Plaintiff") filed a complaint seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Dkt. No. 1.  Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* (the "IFP Application"), which is presently before the Court.  Dkt. No. 3.

　　　This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1).  A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges

that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff declares he is unemployed, has no income, and lives with his mother. Dkt. No. 3 at 1-2. His only asset is his automobile (although it appears the vehicle actually belongs to his mother), which he uses for doctor's appointments and various other daily errands. *See id.* Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that he lacks the financial resources to pay the filing fee and **GRANTS** Plaintiff's IFP Application.

Where the Court grants a litigant permission to proceed *in forma pauperis*, it must also screen the complaint pursuant to Title 28, Section 1915(e)(2)(B) of the United States Code. The statute requires dismissal where a complaint fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security plaintiff's complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED**.

Dated: September 10, 2024

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge